UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerry T. Vang, Mckenzie Y. Vang a/k/a Mckenzie Yang Vang, Noralba Losada-Ramirez, and Igancia Polania, | Civil No. 11-3741 (DWF/SER) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| PNC Mortgage, Inc.; PNC Bank, National Association; and Usset, Weingarden & Liebo P.L.L.P., | |
| Defendants. | |

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Ankoor Bagchi, Esq., David A. Schooler, Esq., Briggs & Morgan, PA, counsel for Defendants PNC Mortgage, Inc, and PNC Bank, National Association.

Gerald G. Workinger, Jr., Esq., and Christopher T. Kalla, Esq., Usset, Weingarden & Liebo PLLP, counsel for Usset, Weingarden & Liebo P.L.L.P.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants PNC Mortgage, Inc., PNC Bank, National Association ("PNC") (together, "Bank Defendants") (Doc. No. 6), and a Motion to Dismiss brought by Usset, Weingarden and Liebo, P.L.L.P. ("Usset") (Doc. No. 9). For the reasons set forth below, the Court grants Defendants' motions.

## BACKGROUND

Plaintiffs are homeowners and loan borrowers who executed promissory notes that relate to two different properties. (Compl. ¶¶ 1-2.) Plaintiffs Jerry T. and Mckenzie Y. Vang executed a Note on February 29, 2008, in favor of National City Mortgage and a Mortgage in favor of PNC. (Compl. ¶ 1.) Plaintiffs Noralba Losada-Ramirez and Igancia Polania executed a Note and a Mortgage on November 21, 2002, both in favor of National City Real Estate Services LLC. (*Id*. ¶ 2.) Plaintiffs allege that PNC Mortgage Inc. was formerly known as National City Mortgage Company and currently is a division of PNC.[1] (*Id*. ¶ 3.)

Plaintiffs assert that the mortgages against their respective homes are invalid and voidable. (*Id*. ¶ 8.) In particular, Plaintiffs allege that they executed original promissory notes and/or mortgages in favor of entities different from Defendants who now claim the legal right to foreclose. (*Id*. ¶ 9.) Plaintiffs further allege that Defendants do not have actual physical possession of the original notes, that Defendants and others securitized and sold the original notes through a pooling and servicing agreement, and that Defendants' securitization of the notes irrevocably separated the "value" of the original notes from the actual physical notes. (*Id*. ¶¶ 10-25.) Plaintiffs allege that because Defendants do not have valid, clear legal title to the original notes, Defendants cannot assert the right of foreclosure under the mortgages. (*Id*. ¶¶ 14, 21.) Plaintiffs also allege

---

[1]   Bank Defendants represent that no entity named PNC Mortgage, Inc. exists; and that PNC Mortgage exists as a division of PNC.

that Usset is a law firm acting as an agent for purposes of enforcing defaults on Plaintiffs' notes and foreclosing on their mortgages.  (*Id*. ¶ 6.)  Plaintiffs allege that Usset effected non-judicial foreclosures on the relevant properties and, in doing so, falsely represented that its principal was entitled to foreclose and recorded false documents.  (*Id*. ¶¶ 6, 33.)

Plaintiffs originally brought this action in Hennepin County District Court on or around November 30, 2011.  (Doc. No. 1.)  In their Complaint, Plaintiffs assert thirteen causes of action:  Count 1—"Quiet Title"; Count 2—"Defendants are Not Real Parties In Interest"; Count 3—"Defendants Do Not Have Legal Standing to Foreclose Mortgages"; Count 4—"Slander of Title"; Count 5—"Conversion"; Count 6—"Unjust Enrichment"; Count 7—"Civil Conspiracy"; Count 8—"Breach of Fiduciary Duty"; Count 9—"Fraud"; Count 10—"Negligent Misrepresentation"; Count 11—"Fraud"; Count 12—"Equitable Estoppel"; and Count 13—"Accounting."[2]

PNC removed the action to this Court on December 30, 2011, based on diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. No. 1.)  Defendants now move to dismiss all of Plaintiffs' claims.  The Court considers the pending motions below.

## DISCUSSION

**I.     Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts

---

[2]     All Counts, with the exception of Count Eleven, are asserted against Bank Defendants.  Counts Four, Five, Seven, Ten, Eleven, and Twelve are asserted against Usset.

in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Rule 8**

Defendants argue that Plaintiffs' Complaint violates Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[3]  Fed. R. Civ. P. 8(a)(2).  While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs' Complaint asserts thirteen causes of action involving four Plaintiffs, two different mortgage loans and properties, and three Defendants.  Plaintiffs' Complaint, however, fails to provide any facts establishing the status of each loan, such as whether any loan is in the process of foreclosure, has been foreclosed upon, or whether the statutory redemption period has expired.  In addition, the Complaint contains very few factual allegations regarding each Defendant's purportedly wrongful conduct.  The Court concludes that such pleading is inadequate and that Rule 8 requires greater specificity than that found in Plaintiffs' Complaint.  *See, e.g.*, *Liggens v. Morris*,

---

[3]     Claims for fraud are governed by Rule 9(b) of the Federal Rules of Civil Procedure.

749 F. Supp. 967, 971 (D. Minn. 1990).  Thus, this case is properly dismissed under Rule 8.[4]  Even so, the Court considers alternative grounds for dismissal below.

### III. Motions to Dismiss

At the heart of all of Plaintiffs' claims against Bank Defendants and Usset is the allegation that "Defendants do not have valid, clear legal title to the Original Notes" and "Defendants therefore cannot assert rights to payment on the Original Notes and cannot assert the right of foreclosure under the Mortgages." (*See, e.g.*, Compl. ¶ 21.)  In essence, Plaintiffs argue that Defendants do not possess the promissory notes secured by Plaintiffs' respective mortgages and thus cannot foreclose on those mortgages.  The Minnesota Supreme Court, the Eighth Circuit Court of Appeals, this Court, and other courts in this district have already considered and rejected this argument.  *See Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 500-01 (Minn. 2009) (holding that a mortgagee with legal title is not required to have any interest in the promissory note to foreclose by advertisement); *Stein v. Chase Home Finance, LLC*, 662 F.3d 976, 980 (8th Cir. 2011) ("[T]he right to enforce a mortgage through foreclosure by advertisement lies with the legal, rather than equitable, holder of the mortgage."); *Butler v. Bank of Am.*,

---

[4]   It also appears that Plaintiffs lack standing.  To have standing under Article III of the Constitution, a plaintiff must allege (1) a concrete injury in fact, (2) that is fairly traceable to the challenged action, and (3) is likely to be redressed by the relief sought.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  Here, Plaintiffs do not allege sufficient facts with respect to the status of each loan and foreclosure period, and thus the Court cannot determine whether there is a viable controversy between the parties, let alone one that can be redressed by the relief sought. *See, e.g., Tully v. Bank of Am., N.A.*, Civ. No. 10-4734, 2011 WL 1882665, at *5-6 (D. Minn. May 17, 2011).

Civil No. 11-461, 2011 WL 2728321, at *6 (D. Minn. July 13, 2011); *Welk v. GMAC Mortgage, LLC*, Civil No. 11-2676, 2012 WL 1035433, at *6 (D. Minn. Mar. 29, 2012); *Jerde v. JPMorgan Chase Bank, N.A.*, Civil No. 11-2666, 2012 WL 206271, at *3 (D. Minn. Jan. 24, 2012); *Murphy v. Aurora Loan Servs., LLC*, Civil No. 11-2750, 2012 WL 104543, at *3 (D. Minn. Jan. 12, 2012); *Kraus v. CitiMortgage, Inc.*, Civil No. 11-3213, 2012 WL 1581113, at *3 (D. Minn. May 4, 2012).

As previously explained in the above cases, it does not matter whether Defendants can establish that they hold the promissory notes.  Moreover, Plaintiffs have not alleged that any Defendant was not the record owner of any mortgage at the time it initiated any foreclosure by advertisement.  Nor have Plaintiffs alleged any specific facts that would demonstrate a defect in the mortgage instruments or specific facts or law that would call into question any assignment of a mortgage in this action.  For these reasons, Plaintiffs cannot establish that Defendants were not entitled to foreclose.  Because all of Plaintiffs' claims are based on the same discredited legal argument, they are all properly dismissed with prejudice.

## IV.  Plaintiffs' Fraud Claim Against Usset

Plaintiffs also assert a cause of action for fraud (Count Eleven) against Usset.  Specifically, Plaintiffs allege that Usset "conducted false and fraudulent non-judicial foreclosures against Plaintiffs" by preparing and executing assignments of mortgage without obtaining express approval from the of-record mortgagee and legal owner of the mortgage and without verifying that the mortgage assignee was the actual owner of Plaintiffs' debt and/or holder of Plaintiffs' Original Note.  (Compl. ¶¶ 94-95.)  Plaintiffs

further allege that Usset made fraudulent representations that its clients were the owners of Plaintiffs' debts and/or were holders of Plaintiffs' notes, that the representations were made with the intent to induce reliance, and that Plaintiffs relied on the representations to their detriment. (*Id.* ¶¶ 96-97.)

As discussed above, all of Plaintiffs' claims, including Plaintiffs' fraud claim against Usset, depend upon the discredited argument that only the holder of the promissory note may foreclose on a mortgage by advertisement. And, for the previously stated reasons, this argument is without merit, and Plaintiffs have therefore failed to state a fraud claim against Usset.

Usset argues alternatively that Plaintiffs have failed to plead their fraud claim with sufficient particularity to satisfy Rule 9(b) of the Federal Rules of Civil Procedure. The Court agrees. Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to provide defendants with sufficient notice of the allegations so that they may be able to formulate a response. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). The circumstances constituting the fraud or mistake refers to the who, what, when, where, and how of the alleged fraud. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549–50 (8th Cir. 1997).

Here, Plaintiffs have failed to allege their fraud claim with sufficient particularity. The Complaint fails to sufficiently allege the who, what, when, where, and how of the alleged fraud. For example, the Complaint fails to identify the particular Plaintiff to

whom, or any details as to when, where, or how, any alleged misrepresentation was made. Thus, this claim is also properly dismissed for failure to satisfy the requirements of Rule 9(b).[5]

**ORDER**

Because it is apparent to the Court that there is no legal or factual basis for any asserted claim against Defendants, the Court grants Defendants' motions to dismiss. Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. PNC Defendants' Motion to Dismiss (Doc. No. [6]) is **GRANTED**.

2. Usset's Motion to Dismiss (Doc No. [9]) is **GRANTED**.

3. Plaintiffs' Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

4. Plaintiffs' Motion to Remand (Doc. No. [22]) is **DENIED AS MOOT**.

5. The motion hearing set for June 29, 2012 is **CANCELLED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 5, 2012               s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

---

[5] Similarly, Plaintiffs' fraud claim against Bank Defendants (Count Nine) and negligent misrepresentation claim against all Defendants (Count Ten) fail to meet the requirements of Rule 9(b).

9